United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH JONES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-0588 |
| § | |
| JAMES P. MILLER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER FOR REMAND

**I.**

Before the Court is the plaintiff's, Joseph Jones, motion to remand his case to the 61st Judicial District Court of Harris County, Texas [DE #8]. The defendant, James P. Miller and Golden Rule Air Conditioning and Heating, LLC ("the Golden Rule"), has filed a response in opposition to the plaintiff's motion [DE# 11]. The Court has reviewed the motion, response and pleadings on file and determines that the motion to remand is meritorious and should be granted.

**II.**

The plaintiff filed suit in the 61st State District Court contending that his termination in May 2016 violated state common and statutory laws. He contends in his suit that he was employed, under contract, as the General Manager of the Golden Rule. His contract responsibilities primarily involved recruiting and training management and sales staff. Nevertheless, after he was hired, he like other, was required to create new accounts and bring in business, a chore that amounted to a demotion in pay and status. When he did not cooperate, he was "self-terminated" because he was not paid according to his contract. The plaintiff sued.

In his suit, the plaintiff asserts causes of action for fraud, fraud by non-disclosure, negligent misrepresentation, defamation and disparagement, and tortious interference with his business

relationships. He also contends that he has been denied lost wages, lost profits, suffered mental anguish and other damages. Because his claims are based in state law, he brought suit in state court.

The defendant asserts that remand is inappropriate because the plaintiff has "no private right of action under Chapter 61 of the Texas Labor Code or the Texas Payday Loans." The plaintiff mentions these state statutes and the Fair Labor Standard Act, a federal statute in his pleadings. According to the defendant mentioning the FLSA, reveals that the plaintiff's "real" claim is an FLSA claim. Therefore, the case should not be remanded.

### III.

The Court disagrees with the defendant's assessment of the plaintiff's pleadings. Nowhere in the plaintiff's pleadings does he seek relief under the FSLA. The fact that he points out that the defendant's conduct also violates the FSLA does not "trump" his stated causes of action in contract and tort – all state law claims.

The burden is on the defendant to establish with a measure of certainty that the plaintiff intends, by his pleadings, to assert a federal claim. *See Wiley v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Therefore, whether the plaintiff's claims arise under federal law is to be determined from the plaintiff's pleadings. *Id.* at 1165. The plaintiff's pleadings are clear – they do not support the defendant's basis for removal of this case. Moreover, the documents before the Court do not support removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Therefore, the plaintiff's motion for remand, pursuant 28 U.S.C. § 1447 is Granted. It is ORDERED that this case be and it is Hereby REMANDED to the 61st Judicial District Court of Harris County, Texas.

SIGNED on this 6th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge